NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT CARLBORG,

       Plaintiff - Appellant,

  v.

UNITED STATES DEPARTMENT OF
DEFENSE; UNITED STATES
DEPARTMENT OF THE NAVY,

       Defendants - Appellees.

No. 25-5878

D.C. No.
3:23-cv-02073-RBM-AHG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

    Robert Carlborg appeals the district court's grant of summary judgment to

the United States Department of Defense and the Department of the Navy

(collectively, the "Agency") in his action under the Freedom of Information Act

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

("FOIA"), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Rojas v. FAA*, 941 F.3d 392, 401 (9th Cir. 2019), we affirm.

1.　　The district court properly granted summary judgment to the Agency on Carlborg's claims relating to his FOIA requests.

a.　　The district court correctly determined that Carlborg's claims arising from the "FOIA 2 Requests" are precluded by prior litigation.[1] *See Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (elements of claim preclusion). Carlborg contends that his claim is not subject to claim preclusion because the Agency fraudulently concealed responsive documents, preventing him from discovering that additional responsive documents existed. Although we have yet to address whether such an exception exists, *see Costantini v. Trans World Airlines*, 681 F.2d 1199, 1202 (9th Cir. 1982), we conclude that any such exception would not apply in this case. Carlborg knew of and litigated his "time gap" theory in the prior action, and the single email he now offers does not establish concealment.

b.　　The district court correctly determined that the Agency adequately searched for the requested records. *See Hamdan v. U.S. Dep't of Justice*, 797 F.3d

---

[1] *See generally Carlborg v. U.S. Dep't of the Navy*, No. 18-CV-1881, 2020 WL 4583270 (D.D.C. Aug. 10, 2020)*, aff'd*, No. 20-5311, 2021 WL 1049467 (D.C. Cir. Mar. 8, 2021).

759, 770 (9th Cir. 2015) ("FOIA requires an agency responding to a request to demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." (citation modified)). The Agency demonstrated the adequacy of its search by submitting a detailed, non-conclusory declaration describing its search methods, which are entitled to a presumption of good faith. *See id.* Carlborg's speculative assertion that responsive records "continue to be withheld" does not rebut that presumption or create a triable dispute. *See id.* at 772 ("[G]overnment misconduct is easy to allege and hard to disprove, so courts must insist on a meaningful evidentiary showing." (citation modified)).

      c.      The district court correctly determined that FOIA Requests 6 and 7 fall outside FOIA's reach because they would require the Agency to create records. *See Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980) ("[FOIA] does not obligate agencies to create or retain documents; it only obligates them to provide access to those which it in fact has created and retained."). Those requests sought "screenshots" depicting contents of the Agency's files, generated according to Carlborg's detailed instructions. That message-size metadata might have existed within the files does not mean the composite record that Carlborg specified existed. The Agency was not required to create it. *See id.*

      d.      The district court correctly determined that the Agency properly

3           25-5878

redacted information under FOIA Exemption 6, which protects "personnel and medical files and similar files" whose disclosure "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). That exemption applies even when federal employees act in their official capacity. *Forest Serv. Emps. for Env't Ethics v. U.S. Forest Serv.*, 524 F.3d 1021, 1025 (9th Cir. 2008). The Agency established nontrivial privacy interests through a *Vaughn* index that identified the withheld individuals by role and grade. *See Rojas*, 941 F.3d at 404–05. Carlborg identified no cognizable public interest that would "shed light on an agency's performance of its statutory duties or otherwise let citizens know what their government is up to." *Id.* at 405 (citation omitted). His unsubstantiated assertions regarding "the [mis]handling of [records]" do not support a reasonable belief that impropriety occurred. *Pomares v. Dep't of Veterans Affs.*, 113 F.4th 870, 878, 884 (9th Cir. 2024).

2. The district court correctly granted summary judgment to the Agency on Carlborg's Privacy Act claims challenging the redaction of third-party information from the Board for Correction of Naval Records "Recorder's Log." The redacted material, which included another petitioner's name, the vote on that petition, and comments about that case, is "about" that individual, not Carlborg. *See* 5 U.S.C. § 552a(a)(4); *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1449 (9th Cir. 1985). Thus, Carlborg is not entitled to that third-party information. *See* 5 U.S.C.

§ 552a(b).

We have considered Carlborg's remaining arguments and conclude that they are without merit.

**AFFIRMED.**